# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JOHN R. FLETCHER                                                     PETITIONER

v.                                                                  No. 2:00CR121-B

UNITES STATES OF AMERICA                              RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the petition of John R. Fletcher to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the petition. The matter is ripe for resolution. For the reasons set forth below, the instant petition shall be denied.

### Facts and Procedural Posture

John R. Fletcher was charged in a five-count indictment. The first count ("conspiracy count") was conspiracy to possess in excess of 1.5 kilograms of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. The conspiracy count carried a maximum sentence of not less than 10 years nor more than life, and not more than a $4,000,000.00 fine, or both, followed by not more than 5 years supervised release, and a special assessment of $100.00. The four remaining counts ("telephone counts") each alleged that the petitioner used a telephone to facilitate the sale of cocaine, in violation of 21 U.S.C. § 843(b). Each of these counts carried a sentence of not more than four years and not more than $250,000.00 fine, or both, not more than 3 years supervised release, and a $100.00 special assessment.

The petitioner and the United States entered into a plea agreement in which the United States agreed to dismiss the conspiracy count (and not seek any further charges arising out of the

events set forth against the petitioner in the indictment) in exchange for the petitioner's plea of guilty to the telephone counts. The plea agreement set forth the maximum penalty for each of the telephone counts, that the sentence imposed would be the court's discretion, subject to the Sentencing Guidelines – and that the petitioner's attorney had explained the sentencing guidelines to him. The court accepted the petitioner's plea and scheduled a date for sentencing. The Probation Service prepared a Presentence Investigation Report ("PSR"), and the petitioner reviewed it with counsel. The petitioner did not object to the PSR. On April 18, 2001, the court sentenced the petitioner to 42 months on each count under United States Sentencing Guidelines § 5G1.2(d), which required the sentences to run consecutively.

The petitioner appealed his conviction and sentence, raising as one of his issues that trial counsel did not advise him that the four sentences were required to run consecutively and that he would not have pled guilty had he known of that requirement. The Fifth Circuit rejected that argument, finding that although the district court had failed "to ascertain whether Fletcher understood that the Sentencing Guidelines would apply to his case," the error did not affect Fletcher's substantial rights because he "has not shown any likelihood that he would have pleaded not guilty and proceeded to trial had he been so advised." The Fifth Circuit Court of Appeals affirmed the judgment of the district court on February 12, 2003. Fletcher filed the instant petition on January 21, 2004.

## Discussion

The sole issue currently before the court in the instant petition is whether the Fletcher's plea was knowingly and voluntarily given. Only if the court finds that the plea was not knowingly and voluntarily given could the court consider whether trial counsel effectively represented the petitioner in advising him of the consequences of pleading guilty. The court need

not reach the second part of this inquiry because the Fifth Circuit has already decided the first. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), *cert. denied*, 476 U.S. 1118 (1986), *United States v. Rodia*, 109 F.3d 225, 229-30 (5th Cir. 1997). The petitioner raised on direct appeal the issue regarding whether he had been informed of the possibility of serving the sentences on the telephone counts consecutively. The Fifth Circuit decided that issue against the petitioner, thus precluding this court from revisiting it during the petitioner's collateral attack. *Id.*

Given the preclusive effect of the Fifth Circuit's ruling on direct appeal, the petitioner's claim of ineffective assistance of counsel must also fail. To prove his claim of ineffective assistance of counsel, the petitioner must show: (1) the counsel's performance was deficient, and (2) that the deficient performance caused prejudice to the petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). As the Fifth Circuit has ruled that the petitioner's alleged lack of knowledge regarding consecutive sentences "did not affect [his] substantial rights," the petitioner cannot show that his defense was prejudiced. As such, the petitioner's claim of ineffective assistance of counsel must fail. For these reasons, the petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 13th day of March, 2007.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE